IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PARISI,<br><br>       Petitioner,<br><br>   v.<br><br>RONALD MAZZAFERRO; RONALD MAZZAFERRO as Trustee of the Fiorani Living Trust; ROBERT F. VAN ZANDT; CAROL MARDEUSZ, aka CAROL VAN ZANDT; PAUL DEN BESTE; STUART BAILEY; DANIELLE DUPERRET; LOTCHK CORPORATION, a Nevada corporation; and GREAT SUNSET VENUTRES, INC., a Wyoming corporation,<br><br>       Respondents.<br>_____/<br>EDITH MAZZAFERRI, Trustee of the Fiorani Living Trust (1/25/00),<br><br>       Plaintiff,<br><br>   v.<br><br>RONALD MAZZAFERRO; RONALD MAZZAFERRO as Trustee of the Fiorani Living Trust; ROBERT F. VAN ZANDT; PAUL DEN BESTE; STUART BAILEY; DANIELLE DUPERRET; LOTCHK CORPORATION; and GREAT SUNSET VENTURES, INC.,<br><br>       Defendants.<br>_____/ | No. C 14-0759 CW<br><br>ORDER GRANTING MOTION TO REMAND |

    Petitioner William Parisi has filed a motion to remand these consolidated cases to San Francisco County Superior Court. Respondent and Defendant Ronald Mazzaferro has filed an opposition. Respondents and Defendants Paul Den Beste and Robert Van Zandt have filed notices of joinder. Having considered the

parties' papers and the record in this case, the Court GRANTS the motion to remand.

## BACKGROUND

On June 3, 2010, Plaintiff Edith Mazzaferri, Trustee of the Fiorani Living Trust, filed a verified amended complaint in San Francisco Superior Court. Den Beste filed a notice of removal of Mazzaferri's case to this Court on February 27, 2012. Mazzaferro and Van Zandt joined in that notice of removal, which was denied. See NDCA case 12-992. On January 3, 2012, Petitioner William Parisi filed a Petition for Damages in San Francisco Superior Court. On April 19, 2013, the two cases were consolidated for all purposes by the San Francisco Superior Court. On February 19, 2014, less than two weeks before the cases were set to go to trial, Mazzaferro filed a notice of removal.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

2

DISCUSSION

I. Timeliness

Title 28 U.S.C. § 1446 provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Mazzaferro was served with the petition in Parisi's case in February 2012. Mazzaferro was served with the complaint in Mazzaferri's complaint on July 19, 2010.

Accordingly, Parisi asserts that the notice of removal was not timely filed. Mazzaferro appears to argue that, because the cases were recently consolidated by the state court, a new consolidated complaint must be filed, restarting the time for filing a notice of removal. However, nothing in the record shows that such a complaint is required by the state court. Moreover, § 1446(b)(1) requires removal within thirty days of the initial pleading. Section 1446(b)(3) provides an exception where the initial pleading is not removable and a later amended pleading is removable. However, there is no such amended pleading in this case.

The Court finds that Parisi's notice of removal was not timely filed. Moreover, as discussed below, even if the notice of removal was timely, there are no grounds for removal. Respondent and Defendant Mazzaferro removed this case on the basis of diversity jurisdiction and federal question jurisdiction. As discussed below, neither exists in this case. Mazzaferro also asserts that he removed the case pursuant to 28 U.S.C. §§ 1334,

3

1343, 1443 and 1452.  As discussed below these statutes are not applicable to this case.

II.  Diversity Jurisdiction

Federal courts have original jurisdiction over civil actions where the value of the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332.  Section 1332 requires complete diversity.  Where a case involves multiple plaintiffs and defendants, no plaintiff may have the same citizenship as any defendant.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  In addition, 28 U.S.C. § 1441 provides that a civil action is not removable on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Here, the notice of removal itself states that Mazzaferro, Van Zandt, Den Beste and Carol Mardeusz are residents of California.  Both Parisi and Mazzaferri are residents of California.  Even if complete diversity jurisdiction existed, the case would not be removable on the basis of diversity jurisdiction because multiple Defendants are residents of the state of California.

III. Federal Question Jurisdiction

Title 28 U.S.C. § 1331 provides that federal courts have original jurisdiction over civil actions "arising under" federal law.  Removal based on this jurisdiction is governed by the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of

4

plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. Vaden v. Discover Bank, 556 U.S. 49, 60-61 (2009). Here, the underlying complaints contain only state law causes of action. Parisi's petition alleges three causes of action: financial abuse of a dependent adult pursuant to California Welfare and Institutions Code section 15610.30; fraud; and constructive fraud. Mazzaferri's complaint alleges fourteen causes of action: (1) breach of trust; (2) breach of contract; (3) breach of fiduciary duty; (4) intentional misrepresentation; (5) negligent misrepresentation; (6) conversion; (7) conspiracy; (8) negligence; (9) unjust enrichment; (10) quite title; (11) conveyance of property to trust pursuant to California Probate Code section 850; (12) account; (13) constructive trust; and (14) declaratory relief.

None of these causes of action arises under federal law. Accordingly, Mazzaferro has failed to allege federal question jurisdiction.

III. Removal Under 28 U.S.C. §§ 1343 and 1433

Mazzaferro's petition for removal cites asserts that he and the other Respondents and Defendants

> have been and are continuing to be denied due process rights to defend themselves, in that, under color of law, although each was successful in exercising the Constitutional Right to defend himself/herself in California Court of Appeal, First Appellate District by each winning an appeal, each have been retaliated against by being denied free access to the courts of the State of California to defend themselves, and therefore, such retaliation for successfully exercising a constitutional right gives rise to removal grounds under Title 28 U.S.C. § 1443(1) and (2)

5

Docket No. 1 at 10.  However,

> A petition for removal under § 1443(1) must satisfy the two-part test  articulated by the Supreme Court in <u>Georgia v. Rachel</u>, 384 U.S. 780, 788-92 (1966) and <u>City of Greenwood, Miss. v. Peacock</u>, 384 U.S. 808, 824-28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir. 1970).  "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  <u>Id.</u>

<u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 998-999 (9th Cir. 2006).

Mazzaferro's allegations in the notice for removal do not state a basis for federal jurisdiction under 28 U.S.C. § 1443(1). He states no defense based on an "explicit statutory enactment protecting equal racial civil rights."  Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  <u>Peacock</u>, 384 U.S. at 824.  This subsection does not apply.

The caption of Mazzaferro's notice of removal also cites 28 U.S.C. § 1343.  However, the notice itself does not discuss this section.  Nonetheless, § 1343 provides that "district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person" to redress civil rights violations. Here, any allegations of civil rights violations have been made by Mazzaferro and the other Defendants, not by Parisi or Mazzaferri, the individuals who commenced these actions.

6

Mazzaferro has not established that the Court has jurisdiction over these cases under either § 1343 or § 1443.

IV. Removal Under 28 U.S.C. §§ 1334 and 1452

Finally Mazzaferro argues that removal is proper under 28 U.S.C. §§ 1334 and 1452. Section 1452 provides for removal if federal jurisdiction exists under § 1334. Section 1334 in turn, confers original but not exclusive jurisdiction over civil actions "related to cases under title 11."[1]

"'The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) (quoting and adopting the test established by Pacor, Inc. v. Higgins, 742 F.2d 984, 994 (3rd Cir. 1984).

In the notice of removal, Mazzaferro indicates that Defendant Van Zandt filed for Chapter 7 bankruptcy in September 2012. NDCA Bankruptcy Court Case 12-32655. Mazzaferro also notes that Van Zandt listed Parisi and Mazzaferri as creditors in his petition and Parisi and Mazzaferri both filed proofs of claim in the bankruptcy case. Those claims were based on the state court cases

---

[1] Section 1334 confers original and exclusive jurisdiction over cases that "arise under title 11." However, none of the causes of action in the state court actions arise under title 11.

7

1 which Mazzaferro seeks to remove to this Court.  However, the
2 bankruptcy case was filed in September 2012.  Assuming without
3 finding that this later filed bankruptcy case could be grounds for
4 removal of the cases at issue, any notice of removal based on the
5 bankruptcy filing should have been filed within thirty days of the
6 filing.

7 Moreover, even if the case could be removed based on the
8 pending bankruptcy proceedings, § 1452(b) provides that the court
9 to which a claim was removed on such grounds may "remand such
10 claim or cause of action on any equitable ground."  28 U.S.C. §
11 1452(b).  The Court finds that equity requires that these cases
12 remain in state court.  Mazzaferro filed this notice of removal
13 less than two weeks before the case was scheduled to go to trial
14 in state court.  The state court docket indicates that numerous
15 motions have been decided in each of the cases.  Accordingly,
16 judicial economy weighs in favor of remanding the case to state
17 court.  Moreover, the Bankruptcy Court is aware of the state court
18 proceedings and has already taken steps to ensure that any
19 judgment obtained in the state court proceedings will not disrupt
20 the resolution of the bankruptcy proceedings. Although the
21 Bankruptcy Court granted Parisi and Mazzaferri relief from the
22 bankruptcy stay in order to pursue their claims in state court,[2]
23 the Bankruptcy Court ordered that neither Parisi nor Mazzaferri
24 could seek to enforce any judgment obtained in their favor without
25 an order of the Bankruptcy Court.

---

[2] Van Zandt appealed the Bankruptcy Court's orders granting the motions for relief from the stay, and this Court affirmed. See Case Nos. 13-702, 13-1568.

8

V.   Costs and Fees

Title 28 U.S.C. § 1447(c) states that a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  According to the Supreme Court, the "standard for awarding fees should turn on the reasonableness of the removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  "Absent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." Id.

The Court finds that Mazzaferro and his co-Defendants, Den Beste and Van Zandt who joined in this notice of removal, lack an "objectively reasonable basis" for seeking removal here.  As noted above, Mazzaferro and Van Zandt both joined in co-Defendant Den Beste's earlier notice of removal, which was denied as untimely and without merit.  Defendants should have recognized the futility of filing additional untimely and meritless notices of removal. Accordingly, Defendants Mazzaferro, Den Beste and Van Zandt are ordered to pay Parisi's attorney's fees and costs incurred in opposing this removal.

Based on the declaration filed by Parisi's counsel Lynn Searle[3], the Court awards Parisi $3,220 in fees and costs.  This award is calculated by multiplying counsel Lynn Searle's reasonable hourly rate by 9.2 hours ($350 x 9.2).  Although Searle

---

[3] Mazzaferro has filed a motion to disqualify Parisi's counsel Lynn Searle.  However, the motion discusses the requirements for appointment of counsel in a bankruptcy proceeding.  This is not a bankruptcy proceeding.  Accordingly, Mazzaferro's motion is DENIED.  (Docket No. 14).

9

declares that her paralegal spent 2.6 hours on the motion to remand at a rate of $200 per hour, the paralegal has not supplied a declaration to support the award of those fees.

VI. Motion for Sanctions

Parisi further requests that this Court enter a pre-filing order preventing Mazzaferro and his co-Defendants from filing any litigation in this Court against Parisi, Mazzaferri or their counsel without permission.  Parisi notes that, on November 9, 2011, the California Court of Appeal entered a pre-filing order against Mazzaferro, Den Beste, Van Zandt and Danielle Duperret based on their conduct in Mazzaferri's case against them.  Parisi further notes that Mazzaferro, Den Beste and Van Zandt have filed multiple cases in state court, the Northern District of California, the Northern District of California Bankruptcy Court and the Ninth Circuit related to the same facts.  Parisi asserts that many of these cases are frivolous and notes that a large number of the cases have been dismissed and the trial court rulings affirmed.

Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," such as pre-filing review orders. DeLong v. Hennessey, 912 F.2d 1144, 1146-47 (9th Cir. 1990).  District courts "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts." O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990).  Although pre-filing review orders "cannot issue merely upon a showing of litigiousness," they may be appropriate when the litigant's claims

10

are both numerous and "patently without merit." Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990). Id.

The Ninth Circuit has established four guidelines "to maintain this delicate balance between broad court access and prevention of court abuse." O'Loughlin, 920 F.2d at 617. Before a court enters a vexatious litigant order: (1) the litigant must be given adequate notice to oppose entry of the order; (2) the court must present an adequate record by listing the case filings that support its order; (3) the court must make substantive findings of frivolousness or harassment; and (4) the order must be narrowly tailored to remedy only the litigant's particular abuses. Id.; DeLong, 912 F.2d at 1147-49.

Here, Mazzaferro, Den Beste and Van Zandt have received adequate notice to oppose entry of the pre-filing order. Parisi requested a pre-filing order in his motion to remand. Docket No. 5. Mazzaferro did not respond to the request in his opposition to the motion to remand.

Defendants' previous frivolous attempt to remove this case is discussed above. The timing of the current removal--together with the lengthy history of litigation noted by Parisi--suggests that Defendants sought removal primarily to delay the proceedings in state court. This record is sufficient to justify a narrow pre-filing order requiring Defendants to obtain the Court's permission before filing another notice of removal in this case.

CONCLUSION

For the reasons stated above, Parisi's motion to remand (Docket No. 5) is GRANTED and Mazzaferro's motion to disqualify counsel and for sanctions in DENIED (Docket No. 14). In addition,

11

Mazzaferro, Den Beste and Van Zandt are ordered to pay Parisi $3,220 in fees and costs incurred in filing this motion. The Court will issue a separate order requiring pre-filing review of any notice that Mazzaferro, Den Beste or Van Zandt files in this Court to remove these cases from San Francisco County Superior Court.

    IT IS SO ORDERED.

Dated: 3/21/2014

CLAUDIA WILKEN
United States District Judge