IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PARISI,<br><br>        Petitioner,<br><br>   v.<br><br>RONALD MAZZAFERRO; RONALD MAZZAFERRO as Trustee of the Fiorani Living Trust; ROBERT F. VAN ZANDT; CAROL MARDEUSZ, aka CAROL VAN ZANDT; PAUL DEN BESTE; STUART BAILEY; DANIELLE DUPERRET; LOTCHK CORPORATION, a Nevada corporation; and GREAT SUNSET VENTURES, INC., a Wyoming corporation,<br><br>        Respondents.<br>_____/<br>EDITH MAZZAFERRI, Trustee of the Fiorani Living Trust (1/25/00),<br><br>        Plaintiff,<br><br>   v.<br><br>RONALD MAZZAFERRO; RONALD MAZZAFERRO as Trustee of the Fiorani Living Trust; ROBERT F. VAN ZANDT; PAUL DEN BESTE; STUART BAILEY; DANIELLE DUPERRET; LOTCHK CORPORATION; and GREAT SUNSET VENUTRES, INC.,<br><br>        Defendants.<br>_____/ | No. C 14-0759 CW<br><br>ORDER DENYING MAZZAFERRO'S MOTION TO VACATE THE PRE-FILING ORDER AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION |

On March 21, 2014, the Court entered an order granting Petitioner William Parisi's motion to remand these consolidated cases to San Francisco County Superior Court. The Court also entered a pre-filing order, prohibiting Respondent and Defendants

Ronald Mazzaferro, Paul Den Beste or Robert Van Zandt from filing a notice of removal of either of these cases from the San Francisco Superior Court without a pre-filing review to determine whether the notice of removal establishes legitimate grounds for removal. Mazzaferro has now filed a motion to vacate the pre-filing order and a motion to alter or amend the remand order.

Civil Local Rule 7-9(a) provides, "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Accordingly, the Court will construe the motion to alter or amend to be a request for leave to a file a motion for reconsideration. A request for leave to file a motion for reconsideration may only be granted if the moving party shows: (1) that "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "the emergence of new material facts or change of law occurring after the time of such order"; or (3) "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b).

Mazzaferro provides no legal authority for his motion to vacate the pre-filing order. Accordingly, the Court will interpret the motion to vacate to be a motion for leave to file a motion for reconsideration. Den Beste and Van Zandt have filed notices of joinder in the motions.

DISCUSSION

The Court finds that Mazzaferro's motions fail to articulate any new material facts or any change of law after the order was issued. Moreover, Mazzaferro has failed to identify any failure by the Court to consider material facts or dispositive legal arguments. The motions are in large part a restatement of various arguments raised in Mazzaferro's opposition to the motion to remand. The Court addresses only those arguments which were not previously raised in the opposition.

I.  Pre-Filing Order

Mazzaferro argues that the pre-filing order must be vacated because he, Van Zandt and Den Beste are defendants, not plaintiffs in the underlying litigation. However, none of the cases cited by Mazzaferro indicates that a district court's authority to enter a pre-filing order against a vexatious litigant is limited to entering such an order against a plaintiff and the Court is aware of no such authority.

II.  Plaintiff Edith Mazzaferri

Mazzaferro notes that Plaintiff Edith Mazzaferri did not file a motion to remand the case. Therefore, Mazzaferro argues, Mazzaferri's claims should not be remanded to state court. However, the Court remanded the entire consolidated case, finding it had neither diversity nor federal question jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.c. § 1446(c). Because the Court lacked subject matter jurisdiction over Mazzaferri's claims, remand was required.

3

CONCLUSION

Accordingly, the Court DENIES the motion to vacate the pre-filing order (Docket No.21) and the motion to alter or amend the order remanding this case to state court (Docket No. 22).

IT IS SO ORDERED.

Dated: 4/2/2014

CLAUDIA WILKEN
United States District Judge